IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:21-CR-00042

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| VINCENT DERITIS, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the United States' Motion for an Order of Forfeiture under Fed. R. Crim. P. 32.2(b) concerning the following assets seized during the investigation of this matter and addressed at trial: (1) Google Pixel cellular phone; (2) Google Pixel 3 XL cellular phone; (3) Fractal computer, with hard drives; and (4) Two hidden cameras. (Doc. No. 64).

Under 18 U.S.C. § 2253, "A person who is convicted of an offense under this chapter involving a visual depiction described in section … 2251 … 2252A … shall forfeit to the United States such person's interest in … any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a finding of a nexus, i.e., a connection between the property sought to be forfeited and the violation at issue. Fed. R. Crim. P. 32.2(b)(1)(A). The burden is on the United States to establish by a preponderance of the evidence that the property at issue is subject to forfeiture. *See United States*

1

*v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

With regard to property that facilitates, is intended to facilitate, or is involved in a crime, nexus is met where there is a "substantial connection" between the property and the crime. *See United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010). A substantial connection is satisfied by showing that the use of the property made "the crime less difficult or more or less free from obstruction or hindrance." *Id.* (quoting *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990)). The nexus finding may be based on evidence already in the record, including the written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court. Fed. R. Crim. P. 32.2(b)(1)(B).

After review, the Court finds that the United States has established by a preponderance of the evidence that the items at issue are subject to forfeiture. The record in this case, including the trial testimony, exhibits, and sentencing information, supports the finding that the items facilitated the Defendant's offenses of conviction.

**IT IS THEREFORE ORDERED THAT:**

1. The United States' Motion for an Order of Forfeiture under Fed. R. Crim. P. 32.2(b), Doc. No. 64, is **GRANTED**.

2. In accordance with 18 U.S.C. § 2253, the Defendant shall forfeit the following assets, seized during the investigation of this matter, to the United States: Google Pixel cellular phone; Google Pixel 3 XL cellular phone; Fractal computer, with hard drives; and Two hidden cameras.

3. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov),

for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

4. Any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3). After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, requests for production of

3

documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no third-party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED**

Signed: April 3, 2023

Kenneth D. Bell
United States District Judge